IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        **Plaintiff/Respondent,**

vs.                                          **NO. 05 CV 1163 MV/WDS**
                                                **NO. 01 CR 1225 MV/WDS**

**DAVID K. HAYNES,**

        **Defendant/Petitioner.**

## ORDER

**THIS MATTER** came before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. 1.) Respondent filed a response in opposition to the motion. (Doc. 8.) Petitioner filed several supplemental memoranda. (Docs. 19, 24 & 31.) Having reviewed the record de novo and considered the United States Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 33), and Petitioner's objections thereto (Doc. 34), and being otherwise fully advised, the Court finds Petitioner's objections should be overruled and his Motion to Vacate, Set Aside, or Correct Sentence should be **DENIED** for the following reasons.

1.      Petitioner first objects that Magistrate Judge Schneider did not consider his supplemental motion challenging the validity of Crime Lab Chemist Jerry O'Donnell's testimony in his PFRD. (Doc. 34, ¶ 1.) On March 5, 2007, Petitioner filed a Motion for Leave to Supplement Petitioner's 28 U.S.C. § 2255 Motion Pursuant to Federal Rule of Civil Procedure 15(d) (Doc. 30) and a 17-page memoranda in support of the motion (Doc. 31), which addresses Petitioner's arguments concerning Mr. O'Donnell. Magistrate Judge Schneider granted Petitioner's motion for leave to supplement (Doc. 32) and specifically identified Petitioner's

memoranda in support thereof as one of the several supplemental memoranda he considered in making his findings and recommended disposition. (*See* Doc. 33, p. 1.) Therefore, Petitioner's first objection is overruled.

      2.      Petitioner's second objection asserts without authority that "Judge W.D. Scheider [sic] was not the judge that presided over my trial therefore he is not qualified, under the Rules of Appellate Procedure, to review my 2255 motion." (Doc. 34, ¶ 2.) However, pursuant to 28 U.S.C. § 636(b)(1)(B) a United States Magistrate Judge has jurisdiction "to submit to a judge of the court proposed findings of fact and recommendations for the disposition by a judge of the court. . . applications for posttrial relief made by individuals convicted of criminal offenses." The magistrate judge is then obligated to file his proposed findings and recommendations with the court and mail copies to the parties. 28 U.S.C. § 636(b)(1)(C). In this case, Magistrate Judge Schneider has jurisdiction to submit proposed findings and a recommended disposition to this Court, which he did in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). (*See* Doc. 34.) This Court has reviewed Judge Schneider's findings and recommendation and Petitioner's objections de novo as directed by 28 U.S.C. § 636(b)(1)(C). Therefore, the final order on Petitioner's § 2255 motion emanates from this Court, Petitioner's trial court. Consequently, Petitioner's second objection is overruled.

      3.      In Petitioner's § 2255 motion, he claims he received ineffective assistance of counsel as guaranteed by the Sixth Amendment as a result of his attorney's failure to adequately represent him during his criminal trial. Specifically, he claims his attorney: 1) failed to file a motion to suppress evidence; 2) failed to move to dismiss the indictment in connection with the destruction of evidence; and 3) failed to object to the admission at trial of an exhibit containing

plant food. The Court has considered Petitioner's arguments and Magistrate Judge Schneider's findings and conclusions concerning each alleged failure of defense counsel. The Court adopts Judge Schneider's findings and recommended disposition as stated in the PFRD.

4. This Court finds Petitioner's attorney did not render ineffective assistance of counsel by failing to file a motion to suppress based upon an alleged "deliberate falsehood." The Court finds there was ample evidence to support the government's position that the police officers smelled a strong chemical odor associated with the production of methamphetamine when they knocked on the back door and subsequently entered the house. Petitioner's argument concerning the Drager Pump findings is not persuasive for the reasons stated in the PFRD. Therefore, the Court finds that a motion to suppress on this basis would likely have been denied.

5. This Court also finds Petitioner's attorney did not render ineffective assistance of counsel by failing to move to dismiss the indictment due to the government's destruction of evidence. The evidence that was destroyed was documented and identified to the jury for consideration. Petitioner provided his own explanation as to why he possessed the chemicals, which the jury apparently did not find credible. Moreover, there is no evidence whatsoever that the evidence that was destroyed was exculpatory. Consequently, the Court finds Petitioner's argument concerning the destroyed evidence is meritless for these reasons and those stated in the PFRD.

6. Finally, this Court finds Petitioner's attorney did not render ineffective assistance of counsel by failing to object to the government's admission into evidence at trial of a white powdery substance that appeared to be plant food. At trial Petitioner's attorney effectively cross-examined the chemist who tested the powder and revealed to the jury that it was not

3

associated with the production of methamphetamine, but instead was plant food.  Counsel also put Petitioner's mother on the stand and she testified the powder was plant food used to fertilize his garden.  This Court adopts the findings in the PFRD that Petitioner's attorney's decision not to object was a "matter of prudent trial strategy" and supported his "dual use" theory for the items found in Petitioner's home.  The Court finds Petitioner's attorney's decision not to object to this evidence was not deficient and did not prejudice his defense.  *See Strickland v. Washington*, 466 U.S. 668, 686-87 (1984).

**WHEREFORE, IT IS ORDERED** that the findings and recommendations of the United States Magistrate Judge are adopted.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255 is **DENIED** and this matter is dismissed.

_____
**MARTHA VAZQUEZ**
**CHIEF U.S. DISTRICT JUDGE**